UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAMIL RIVERA, *et al.*,

     Plaintiffs,

v.                                    Civil Case No.: 4:20cv151

SEAWORLD PARKS & ENTERTAINMENT LLC,
d/b/a BUSCH GARDENS WILLIAMSBURG, *et al.*,

     Defendants.

## OPINION AND ORDER

Before the Court is Defendants SeaWorld Parks & Entertainment LLC, d/b/a Busch Gardens Williamsburg, and Terry Payne, (collectively, "Defendants"), Motion in Limine to Exclude Plaintiffs' Rule 26(a)(2)(C) Experts and memorandum in support ("Motion to Exclude"). ECF Nos. 59-60. By their motion, Defendants seek to preclude Plaintiffs Jamil Rivera and Jeremiah Jenkins from testifying as their own expert witnesses in the trial of this case. *Id.* Plaintiffs filed a joint opposition to the motion, ECF No. 63, and Defendants filed a reply, ECF No. 64. The issues are sufficiently addressed in the briefing and therefore the Court decides the motion without a hearing in accordance with Fed. R. Civ. P. 78(b) and E.D. Va. Local Civil Rule 7(J). For the following reasons, the Motion to Exclude is **GRANTED**.

## I. BACKGROUND

Plaintiffs filed a five-count complaint against Defendants asserting three claims for federal civil rights violations and two state law tort claims[1] arising from an incident between Plaintiffs and certain security personnel, including Terry Payne, at Busch Gardens amusement park in

---

[1] Plaintiffs' tort claim for intentional infliction of emotional distress was later dismissed by the Court on SeaWorld's motion. ECF No. 33.

Williamsburg, Virginia on September 28, 2018. ECF No. 1. Pursuant to the Court's Rule 16(b) Scheduling Order, Plaintiffs identified themselves as expert witnesses in their Expert Witness Disclosures in accordance with Federal Rule of Civil Procedure 26(a)(2)(C) ("Rule 26(a)(2)(C)"). Plaintiff Rivera has a high school education and worked as a security guard at Busch Gardens between 2009 to 2012, the first year as an entry level security officer and the last two as a supervisor. ECF No. 60 at 3. He disclosed the subject matter on which he is expected to present expert testimony as follows:

> Mr. Rivera would provide expert testimony relating to security work, including but not limited to, protocols related to the conduct of investigative stops, when to conduct security stops, behavior of individuals conducting investigative stops, and practices and procedures related to investigative stops. He would also testify as to specific training given to Busch Gardens security team employees, [sic]

ECF No. 60, attach. 1 at 1-2. Plaintiff Jenkins is a high school graduate who has worked as a military policeman for more than ten years, first with the United States Army and then with Air Force. ECF No. 60 at 4. His subject matter disclosure was identical to Rivera's, except he did not include as a subject of testimony the "specific training given to Busch Gardens security team employees." *Id.*, attach. 1 at 3.

The entirety of Rivera's disclosure of the summary of the facts and opinions to which he is expected to testify is as follows:

> Mr. Rivera would testify as to how reasonable officers conduct security stops, security industry practices, and practice and procedures related to security work and provide opinions related to the conduct of Terry Payne and the Busch Gardens security team, including but not limited to, the opinion that Terry Payne and the Busch Gardens security team violated industry standards and protocols while stopping, detaining, and ejecting Plaintiffs from Busch Gardens. Plaintiffs reserve the right to supplement this disclosure.

*Id.* at 2. Jenkins' disclosure was identical. *Id.* at 3. Plaintiffs provided no further supplementation of their disclosures.

Defendants contend that Plaintiffs' expert disclosures are deficient under Rule 26(a)(2)(C) because they fail to provide the actual opinions the Plaintiffs intend to offer as experts, and the factual bases for any such opinions. ECF No. 60 at 6. In addition, Defendants argue that Plaintiffs are not qualified under Federal Rule of Evidence 702 ("Rule 702") to offer expert opinions, and that any opinions they would propose to offer are unreliable. *Id.* at 8-10. Plaintiffs contend that they have fully disclosed their opinions and the factual bases which support them, that even if their disclosure is deficient any deficiency is harmless, and that they are qualified to offer expert opinions and such opinions are admissible. ECF No. 63.

## II. LEGAL STANDARD

Rule 26(a)(2)(C) provides that a party must disclose the identity of witnesses from whom expert testimony is to be elicited but who are not "specially retained" for purposes of the litigation and thus not required to provide a written report. In addition, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." If a party fails to comply with the expert witness disclosure rules as required by Rule 26(a), the party cannot "'use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.'" *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (quoting Fed. R. Civ. P. 37(c)(1)).

Rule 702 of Federal Rules of Evidence permits the admission of testimony by a qualified expert. An expert must be qualified by "either knowledge, skill, experience, training, or education." *Cooper v. Lab. Corp. of Am. Holdings*, 150 F.3d 376, 380 (4th Cir. 1998). "Generally, the test for exclusion [based on qualification] is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the

3

opinion is proffered." *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799 (4th Cir. 1989); *see also Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (noting that "a witness' qualifications to render an expert opinion are also liberally judged by Rule 702").

Expert testimony from a qualified expert may be admitted pursuant to Rule 702 if it will "help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702 (emphasis added); *see also United States v. Wilson*, 484 F.3d 267, 274-75 (4th Cir. 2007). The testimony must be both relevant and reliable, considering a number of factors including whether the theory or technique "can be (and has been tested)," whether it "has been subjected to peer review and publication," whether it has been "generally accept[ed]" in the "relevant scientific community," and "the known or potential rate of error." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 593-94 (1993). The evaluation of these factors "can 'depend on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). "Accordingly, trial courts are typically given 'broad latitude' to determine which of these factors (or some other unspecified factors) are 'reasonable measures of reliability in a particular case." *Id.* (citation omitted).

Notably, when expert testimony is based upon experience as opposed to purely scientific testimony, reliability must be examined differently because experiential testimony "does not 'rely on anything like a scientific method." *Radiance Found., Inc. v. NAACP*, 27 F. Supp. 3d 671, 674 (E.D. Va. 2013) (citing *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007)). While testimony based upon experience "can provide a sufficient foundation for expert testimony . . . the

district court must require an experiential witness to explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts." *Id.* (internal quotations omitted). "The proponent of the testimony must establish its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

Although the admissibility of expert opinion is "flexible," the district court must function as a gatekeeper, permitting only expert testimony that comports with Rule 702's guidelines as explained in *Daubert.* 509 U.S. at 594. In doing so, the Court has an obligation to "ensure that an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand." *Sardis*, 10 F.4th at 281 (quoting *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017)). "Simply put, if an opinion is not relevant to a fact at issue, *Daubert* requires that it be excluded." *Id.* Despite the Court's "broad discretion" to determine which factors are "reasonable measures of reliability in a particular case," the determination of an expert's reliability is not an issue that can be delegated to a jury. *Id.* As recently explained by the Fourth Circuit, in cases where expert testimony is challenged on relevance and/or reliability grounds, the district court's gatekeeping function is "indispensable" and "cannot be overstated." *Id.*

### III. ANALYSIS

*A. Plaintiffs Rivera's and Jenkins' Expert Disclosures are Deficient under Rule 26(a)(2)(C).*

While both Plaintiffs have identified the subjects about which they would propose to offer expert opinions, neither have actually disclosed the specific opinions they intend to offer, and, consequently, have failed to proffer any facts or reasons that might serve to support possible opinions. For instance, both Plaintiffs disclosed that they planned to opine about "how reasonable security officers conduct security stops," but they never actually state how such officers should do

so. ECF No. 60, attach. 1. They purport to opine about "security industry practices and practices and procedures related to security work" but never actually discuss what those practices and procedures are. *Id.* They apparently have opinions about the conduct of Terry Payne and the Busch Gardens security team, but do not offer any opinions about such conduct. In conclusory fashion they state that "Terry Payne and the Busch Gardens Security team violated industry standards and protocols" in interacting with Plaintiffs, but offer not a hint as to what those industry standards are and how they were allegedly violated. *Id.* In short, Plaintiffs have not actually offered any opinions that would put Defendants on notice as to what specific conduct is alleged to have violated Plaintiffs' rights. Moreover, even if one could discern some type of opinion from these disclosures based on the representation that these Plaintiffs would testify about security protocols at Busch Gardens, Plaintiffs utterly fail to provide the facts on which such opinions might be based. As are Defendants, the Court is left without any basis for understanding what opinions Plaintiffs hold and intend to convey to a jury, and what factual basis or other support they have for holding them. Consequently, their disclosures are deficient under Rule 26(a)(2)(C).

As noted, Rule 37(c)(1) provides that a party who fails to provide a disclosure required by Rule 26(a) is not allowed to use that information or witness at trial unless the failure was substantially justified or is harmless. To determine whether such a failure is substantially justified or harmless, the Court looks to the "*Southern States*" factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003)). However, before engaging in this exercise, the Court will examine Defendants' alternate grounds for excluding

6

these expert opinions—that Rivera and Jenkins are not qualified to offer opinion testimony, and any opinions they might express are unreliable.

B. *Neither Rivera Nor Jenkins are Qualified to Offer Opinions Regarding Security Matters at Busch Gardens Under Rule 702, and, in any Event, such Potential Opinions are Unreliable and Would Not Be Helpful to the Jury.*

Both Plaintiffs would purport to offer opinions about security work at Busch Gardens, including protocols, practices and procedures regarding investigative stops and "behavior of individuals conducting investigative stops." ECF No. 60, attach. 1 at 1-2. Rivera would also purport to offer an opinion regarding "specific training given to Busch Gardens security team employees." *Id.* at 2. Rivera relies on his three years of experience as a security guard at Busch Gardens a decade ago to establish his qualifications to opine about investigative stops conducted by private security personnel. A high school graduate, any training he had in the field of "security" is minimal and occurred more than a decade ago. ECF No. 60 at 3 (citing ECF No. 53 attach. 3). He has no present certification and has not worked in the field of security since 2012. *Id.* At his deposition he testified he does not remember "the specifics" as to what he was taught at Busch Gardens about "making a stop," and he was not trained on that subject at all when he obtained certification from the state in 2009 to be an unarmed security guard.[2] *Id.* When experience alone provides the basis to permit a witness to testify as an expert, the Court must be especially mindful of its role as gatekeeper, and "decide whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." *Kumho Tire Co.*, 526 U.S. at 156 (1999). In light of Rivera's minimal experience from years ago, he has failed to establish that any opinion he might offer would be based "on a reliable foundation and relevant to the task at hand." *Sardis*, 10 F.4th at 281.

---

[2] Inasmuch as Rivera testified he does not remember specifics regarding his Busch Gardens training about "making a stop," it is doubtful whatever he does remember from 2009 would be relevant to his claims.

Similarly, Jenkins also has failed to establish by a preponderance of the evidence that he is qualified to offer expert opinions regarding security protocols at a private venue such as Busch Gardens. Although Jenkins at least has experience in law enforcement as a military policeman, he has failed to establish how that experience in any way relates to "protocols, practices and procedures regarding investigative stops" under the circumstances applicable here. Jenkins' deposition testimony established that his sole experience is in the field of military installation security and law enforcement. *See* ECF No. 52, attach. 1. At no time has Jenkins provided a foundation to establish that such military experience is applicable to a civilian venue like Busch Gardens. *See Cooper*, 259 F.3d at 199 (finding the proponent of expert testimony bears the burden of establish its admissibility by a preponderance of the evidence). Absent evidence that any opinions Jenkins might offer "rest on a reliable foundation," the Court, exercising its "indispensable" role as gatekeeper, cannot permit him to offer expert opinions regarding security protocols at Busch Gardens. *Sardis*, 10 F.4th at 281.

Nevertheless, even if the Court were to consider Rivera and Jenkins qualified to offer opinion testimony regarding security "protocols, practices and procedures regarding investigative stops," the Court as gatekeeper would have to exclude any such opinions for two, related reasons. First, as noted in finding Plaintiffs' Rule 26(a)(2)(C) disclosures deficient, neither Plaintiff actually offered any relevant opinions. Neither Plaintiff discussed the industry standard of care, meaning the minimal acceptable "protocols, practices and procedures regarding investigative stops" which occur at a civilian venue open to the public such as Busch Gardens. Simply stated, Plaintiffs fail to provide any foundation for their opinions, let alone a reliable one. *Daubert*, 509 U.S. at 597 (holding that the Court's task is to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."). Absent a reliable foundation, any opinion as to

8

Defendants' alleged conduct is irrelevant and unhelpful to the jury. But, relatedly, what those opinions might be is unknown, as neither Plaintiff has ever addressed the specific conduct of Defendants or their agents which they allege breached those presently unknown industry standards.[3] Plaintiffs have simply failed to identify their conclusions as to Defendants' conduct, and thus cannot "explain how their experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note to 2000 amendments.

Plaintiffs are not qualified by experience to offer expert opinions, nor have they offered any opinions that might be considered relevant and resting on a reliable foundation. Because Plaintiffs have wholly failed to establish the admissibility of any expert opinions they might offer, the Court as gatekeeper must bar them from attempting to do so at trial. And, having excluded Plaintiffs as experts under Rule 702, the Court need not evaluate whether exclusion under Rule 37(c) is also appropriate.

Defendants' Motion to Exclude, ECF No. 59, is **GRANTED**.

The Clerk is **DIRECTED** to forward a copy of this order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
May 5, 2022

---

[3] Although Plaintiffs' counsel very belatedly asserted in his opposition brief that Plaintiffs hold the opinions that "Defendants' fail[ed] to comply with basic security protocols, including defendant Payne's failure to identify himself, Defendants' initial failure to give Plaintiffs a reason for their stop, the excessive length of the stop, the hostility of the security team, etc." ECF No. 63 at 3, this last minute, conclusory account, offered as it is without any context or explanation, and not by the purported experts but by their attorney long after the close of discovery, is much too little, much too late.